IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LESLIE BURNEY,

    Petitioner,                                                                            CASE NO. 2:09-cv-731
                                                                                    JUDGE SMITH
v.                                                                                  MAGISTRATE JUDGE KEMP

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

## OPINION AND ORDER

On June 28, 2010, the Magistrate Judge issued a Report and Recommendation recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. For the reasons that follow, petitioner's objections are OVERRULED. The Report and Recommendation is ADOPTED and AFFIRMED. This action is hereby DISMISSED.

### I. Petitioner's Objections

Petitioner objects to the Magistrate Judge's recommendations of dismissal of all of his claims on the merits and raises the same arguments he previously presented. Specifically, petitioner objects to the Magistrate Judge's finding that the trial court's error in allowing into evidence the inculpatory statements of his non-testifying codefendant constituted harmless error. The petitioner, citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) and *Madrigal v. Bagley*, 413 F.3d 548 (6th Cir. 2005), argues that there is a reasonable probability that the statements contributed to his convictions. The Magistrate Judge found

that these statements were not of significant importance to the State's case because they were used only for purposes of impeaching petitioner's alibi witness. Petitioner claims that these statements "eviscerated" his alibi defense. The Magistrate Judge found, however, that the credibility of the alibi witness had already been called into question on cross-examination relating to issues unrelated to the codefendant's statement. Further, the Magistrate Judge found that the primary focus of the State's case against petitioner was the victim's eyewitness identification and that this identification was unequivocal. The Court agrees that, in light of the eyewitness identification and the credibility issues surrounding the alibi witness, the trial court's error in admitting the statements was harmless.

Further, petitioner objects to the Magistrate Judge's finding that the appellate court's application of *Strickland v. Washington*, 466 U.S. 668 (1984), was not unreasonable. Petitioner claims that trial counsel failed to object to the improper introduction of evidence of other acts which allowed petitioner to be perceived as having had a personal motive for shooting the victim. The Magistrate Judge found that petitioner did not show that the failure to object was anything other than strategic decision-making. The Magistrate Judge also found that counsel's failure to object was completely consistent with the theory of the case outlined in opening and closing statements–that the victim was predisposed to identifying petitioner as a result of prior events. This Court agrees that counsel did not perform in a constitutionally ineffective manner under *Strickland v. Washington* by failing to object to the admission of such evidence.

Finally, petitioner objects to the Magistrate Judge's finding that the prosecutor's statements did not mislead the jury or prejudice the result of his trial. Petitioner asserts

that the prosecutor's statements, while not extensive, mischaracterized the evidence to suggest that petitioner had a vendetta against the victim. The Magistrate Judge concluded that, given the strength of the state's case against petitioner, the comments had no bearing on the outcome of the trial. The Magistrate Judge also noted that the limiting instruction given by the trial court served to minimize the impact of the prosecutor's comments. This Court agrees that the prosecutor's conduct in making these statements did not influence the outcome of the trial.

## II.  Petitioner's Request for a Certificate of Appealability

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of Barefoot v. Estelle, 463 U.S. 880 (1983). To make a substantial showing of the denial of a constitutional right, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, 463 U.S., at 893, and n. 4. Upon review of the record, the Court concludes that reasonable jurists could debate whether the petition should have been resolved differently. Id. Petitioner's request for a certificate of appealability therefore is GRANTED.

The following issues are certified for appeal:

1. The trial court violated Mr. Burney's right to confront witnesses against him when it admitted into evidence the inculpatory statements of Mr. Burney's non-testifying codefendant, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

3

2. Mr. Burney's trial counsel rendered ineffective assistance
of counsel when he failed to timely object to the admission
of prejudicial, inadmissible evidence at Mr. Burney's trial,
in violation of the Sixth and Fourteenth Amendments
to the United States Constitution.

3. The prosecutor's misconduct at Mr. Burney's trial denied
Mr. Burney a fair trial and due process, in violation of the
Sixth and Fourteenth Amendments to the United States
Constitution.

### III. Petitioner's Request for Leave to Proceed *In Forma Pauperis* on Appeal

The Court also considers petitioner's request (contained within his objections) for leave to proceed *in forma pauperis* on appeal should the Court overrule his objections. Because the filing fee assessment procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals taken in habeas corpus matters, *see Kincade v. Sparkman*, 117 F.3d 949 (6th Cir.1997), the issue is simply whether petitioner can afford the $455.00 filing fee for an appeal. Petitioner paid the initial filing fee in this case and did not proceed *in forma pauperis*.

Federal Rule of Appellate Procedure 24(a) provides in relevant part:

(1) Motion in the District Court. Except as stated in Rule 24(a)(3),
a party to a district-court action who desires to appeal *in forma
pauperis* must file a motion in the district court. The party must
attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix
of Forms the party's inability to pay or to give security for fees
and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

Petitioner has not submitted an affidavit as required by Rule 24(a). Absent such an

affidavit, the Court is without information sufficient to consider his request to proceed *in forma pauperis*.

IV.  Disposition

Pursuant to 28 U.S.C. §636(b), this Court has conducted a de novo review of the Magistrate Judge's Report and Recommendation.  After careful review of the entire record, this Court is unpersuaded by any of petitioner's arguments.  For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, petitioner's objections are OVERRULED.  The Report and Recommendation is ADOPTED and AFFIRMED.  This action is hereby DISMISSED.  The Clerk shall enter final judgment.

Petitioner's request for a certificate of appealability is GRANTED.  Petitioner shall, if he files a notice of appeal, either pay the appellate filing fee or submit an application to proceed *in forma pauperis* on appeal that complies with Rule 24(a).


/s/ George C. Smith
George C. Smith
United States District Judge